# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Mary H. McCurry, *as personal representative for the Estate of Henry S. Zeigler, Jr., deceased*, ) ) ) Plaintiff, ) ) v. ) ) Steven P. Robinson, Hamil Transportation, LLC, ) ) Defendants. ) ) | Civil Action No. 5:17-cv-03156-JMC ORDER |

Plaintiff Mary H. McCurry ("Plaintiff"), as personal representative for the Estate of Henry S. Zeigler, Jr., deceased ("Decedent"), filed this action seeking to recover monetary damages from Defendants Steven P. Robinson and Hamil Transportation, LLC, for their role in a collision involving a freight truck in Orangeburg, South Carolina. The matters before the court are Plaintiff Mary H. McCurry's Motions in Limine, seeking to prohibit testimony or evidence at trial regarding: (1) "Decedent's father evicting Decedent from his father's property"; (2) "Decedent's criminal record/history"; (3) "Decedent's prior history of drug or alcohol use and/or abuse"; (4) "Decedent's alleged intoxication and/or consumption of alcohol at the time of the collision"; (5) "[t]he toxicologist's report of Decedent following his death"; (6) "the allegation that Decedent intended to commit suicide at the time of the collision"; (7) "the allegation that Decedent lost his balance while riding his bike alongside the roadway, causing him to fall into the roadway." (ECF No. 34 at 1-2.)

## I. LEGAL STANDARD

"Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). "The purpose of a motion in limine is

1

to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13-cr-222-JCC, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). When ruling upon a motion in limine, a federal district court exercises "wide discretion." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996) (quoting *United States v. Heyward*, 729 F.2d 297, 301 n.2 (4th Cir. 1984)). However, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3; *see also Fulton v. Nisbet*, C/A No. 2:15-4355-RMG, 2018 WL 565265, at *1 (D.S.C. Jan. 25, 2018).

## II. ANALYSIS

1. <u>Motion in Limine No. 1: Eviction</u>

Plaintiff claims that testimony or evidence regarding Decedent's eviction by his father is "wholly irrelevant to the matters at issue in this case . . . the proximate, legal cause of the collision, nor the damages suffered in this matter." (ECF No. 34 at 1.) Defendants "request the [c]ourt deny this Motion in Limine and permit reference to [the] Decedent's housing status at trial. This includes the circumstances surrounding Decedent's homelessness, which is relevant to Decedent's actions on the date of the subject incident and the measure of damages potentially awarded by the jury." (ECF No. 37 at 2.) Specifically, Defendants assert that "[i]n a wrongful death action brought pursuant to S.C. Code Ann. § 15-51-40 (2019), a jury may award damages as they may think proportioned to the injury resulting from the death to the parties respectively for whom and whose benefit such action shall be brought." (ECF No. 37 at 1.) Moreover, Defendants claim that "[t]he fact that Decedent was evicted from his prior home is relevant in explaining to the jury why Decedent was on the bicycle at the time of the subject incident as well as the location to which he was likely traveling." (*Id.*)

2

The South Carolina Supreme Court has determined that "unlike a number of other states, South Carolina's Wrongful Death Act has been interpreted by this Court to extend beyond pecuniary damages to beneficiaries . . . [m]ental shock and suffering, wounded feelings, grief, sorrow, and loss of society and companionship are recoverable in a wrongful death action . . . [a]ccordingly, we hold wrongful death actions are actions to recover damages for injury to the person . . . ." *Garner v. Houck*, 435 S.E.2d 847, 850 (1993) (internal citations omitted).

The court finds that testimony and evidence regarding Decedent's eviction is relevant to the issue of damages alone. Consequently, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion as to the issue of Decedent's eviction by his father. Defendants may present evidence of the eviction related to the issue of damages. However, Defendants may not present testimony or evidence regarding Decedent's eviction as an explanation for why Decedent was on a bicycle at the time of the collision and where he might have been traveling to.

2. Motion in Limine No. 2: Criminal Record

Plaintiff asserts that Decedent's criminal record is also irrelevant to the matters at issue in this case because it is unrelated to "the proximate, legal cause of the collision, nor the damages suffered in this matter." (ECF No. 34 at 1.) Defendants assert that they "do not intend to introduce evidence regarding [the] Decedent's criminal record." (ECF No. 37 at 2.) Based on Defendants' assertion as to Decedent's criminal record, the court finds Plaintiff's motion to be moot.

3. Motion in Limine No. 3: Prior Drug or Alcohol Use

Plaintiff seeks to prohibit testimony and evidence of Decedent's prior drug and alcohol use. (ECF No. 34 at 1.) Defendants assert that "to the extent Decedent's father is a beneficiary of the wrongful death claim asserted in the Complaint, Decedent's history of drug or alcohol use and/or abuse is relevant to the jury's evaluation of damages" because "Decedent's use of alcohol

clearly affected the relationship between him and his father, led to his eviction, and impacted his ability to maintain employment." (ECF No. 37 at 4.) The court finds that Decedent's prior drug and alcohol use is relevant to the issue of damages. Accordingly, the court **DENIES** Plaintiff's motion as to Decedent's prior drug and alcohol use.

4. <u>Motion in Limine No. 4: Intoxication</u>

Plaintiff asserts that "Defendants have provided no evidence that Decedent was intoxicated, much less impaired at the time of the collision, to be a contributing factor in the proximate, legal cause of the collision." (ECF No. 34 at 1.) Defendants contend that "[t]he toxicology report . . . indicates [the] Decedent's blood alcohol content was .056." Furthermore, the toxicology report: (1) "was conducted by Jared Castellani, a Forensic Toxicologist, at the direction of the South Carolina Law Enforcement Division"; (2) "is a Forensic Services Laboratory Report"; (3) "Defendants have identified Mr. Castellani as a potential trial witness"; and (4) "[it] is relevant to Decedent's actions or inactions on the date of the subject incident." (ECF No. 37 at 4-5.)

Under Rule 401, evidence is deemed relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 403 provides, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403. To the extent Defendants offer evidence regarding the fact that Decedent consumed alcohol on the day of the incident, the probative value of that evidence is substantially outweighed by its unfair prejudicial effect under Fed. R. Evid. 401, 402, and 403. As such, the court **GRANTS** Plaintiff's motion regarding his alleged intoxication and alleged consumption of alcohol at the time of the collision.

4

5. Motion in Limine No. 5: Toxicology Report

Plaintiff also claims that "the toxicology report on its face is inconclusive as to any alcohol in Decedent's system at the time of the collision. It cannot even offer circumstantial evidence that would reasonably give rise to any conclusion of fact, but merely speculation." (ECF No. 34 at 1.) Defendants "refer to the response to Motion in Limine No. 4." (ECF No. 37 at 5.) As the court mentions above, while the toxicology report is relevant, its probative value is substantially outweighed by the prejudicial effect. *See* Fed. R. Evid. 403. Therefore, the court **GRANTS** Plaintiff's motion as to the toxicology report.

6. Motion in Limine No. 6: Suicide

Plaintiff asserts that "Defendants have provided no evidence, direct or circumstantial, that Decedent intended to commit suicide at the time of the collision" and that "[a]ny reference to the jury of such an idea offers no probative value to the facts in dispute and would greatly prejudice Plaintiff . . ." (ECF No. 34 at 1.) Defendants assert that they "do not intend to suggest or otherwise present evidence that Decedent intended to commit suicide at the time of the collision." Therefore, the court finds Plaintiff's motion to be moot.

7. Motion in Limine No. 7: Loss of Balance

Plaintiff asserts that Defendants have provided no evidence to support the allegation that Decedent lost his balance and fell into the roadway. (ECF No. 34 at 2.) Specifically, Plaintiff claims that "Defendant Robinson only supposes Decedent could have lost his balance and fallen into the roadway." (*Id.*) Defendants contend that "[w]ith respect to Mr. Robinson, this Motion should be denied to the extent it seeks to limit or otherwise restrict [him] from providing testimony regarding his observations of Decedent around the time of the subject incident. Such testimony is certainly relevant to liability [and] Defendants' affirmative defenses of sole/comparative

5

negligence and sudden emergency." (ECF No. 37 at 5-6.) Rule 701 permits a lay witness to give opinion testimony that is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The court finds that Mr. Robinson can testify about his observations near or at the time of the collision, but he cannot include any speculation. *See* Fed. R. Evid. 701. Thus, the court **DENIES** Plaintiff's motion regarding the issue of Decedent's alleged loss of balance at the time of the collision.

### III. CONCLUSION

For the reasons above, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motions in Limine (ECF No. 34) as follows:

1. Decedent's eviction by his father may be discussed regarding the issue of damages, but not to explain why he was riding a bicycle and where he might have been traveling;
2. Decedent's criminal record is not at issue;
3. Decedent's alleged prior drug and alcohol use is relevant to the issue of damages;
4. Decedent's alleged intoxication is prejudicial;
5. The toxicology report is prejudicial;
6. Decedent's alleged intent to commit suicide is not at issue; and
7. Decedent's alleged loss of balance at the time of the collision is relevant to the issue of liability and to Defendants' affirmative defenses.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 15, 2019
Columbia, South Carolina